■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WEDRA, Appellant.—Appeal by defendant (by permission) from an order of the County Court, Westchester County, dated April 9, 1975, which denied, without a hearing, his motion pursuant to CPL 440.10 *(coram nobis)* to vacate the judgment of conviction rendered against him in the same court on February 11, 1970. Order reversed, on the law and as a matter of discretion in the interest of justice, and motion granted to the extent that a hearing is ordered. Case remanded to the County Court for such hearing, which shall be held before a Judge other than the one from whose order this appeal is taken. Defendant was convicted after a jury trial of the crime of murder and was sentenced to a term of imprisonment of 25 years to life. On appeal to this court and to the Court of Appeals the conviction was affirmed. A petition for a writ of certiorari was denied *(People v Wedra,* 39 AD2d 841, affd 34 NY2d 199, cert den 419 US 1025). The thrust of Wedra's petition is that one La Spina, who testified against him at his trial, did so on the promise of the District Attorney that he, La Spina, would be treated leniently by way of sentence for some crimes of which he then stood convicted. Defendant relies heavily upon *Napue v Illinois* (360 US 264),

*Giglio v United States* (405 US 150) and *People v Savvides* (1 NY2d 554). Unlike the facts in those three cases, in the instant case, the District Attorney vigorously denies having made any promises for special consideration to the witness La Spina in return for his testimony. However, the County Court denied defendant's motion without a hearing, thus precluding him from the opportunity of carrying his burden of establishing the truthfulness of his allegations. Defendant submitted in support of his application, in addition to his own affidavit, four affidavits and a statement by various inmates, none of whom testified at the trial, addressed to the question whether La Spina had been offered a "deal" in return for his testimony. The District Attorney contends that defendant's supporting affidavits do not raise a genuine issue of fact, and that they are therefore legally insufficient to warrant a hearing. We believe that in view of all the circumstances, and particularly in the light of the contending allegations, the interests of justice require that a hearing be held. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.