Kenneth WEDRA, Petitioner,

v.

Walter FOGG, Warden of Greenhaven Correctional Facility, Respondent.

No. 76 Civ. 5695.

United States District Court, S. D. New York.

Dec. 13, 1977.

Jerome Rosenberg, Stormville, N. Y., for petitioner.

Carl A. Vergari, Dist. Atty. of Westchester County by Jeanine Ferris Pirro, Asst. Dist. Atty., White Plains, N. Y., for respondent.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

The petitioner, Kenneth Wedra, and his co-defendant, John DeTore, were convicted by a jury of murdering DeTore's wife. The murder occurred on November 25, 1968, and Wedra's judgment of conviction was entered on February 11, 1970. The evidence showed that DeTore, through an intermediary, Nicholas Gasparino, hired Wedra to do the deed so that DeTore could pursue an unencumbered extramarital affair. Both defendants were sentenced to terms of imprisonment of twenty-five years to life. Wedra now petitions this court to grant a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on the following grounds. First, that Wedra was denied due process of law when the prosecutor failed to produce Gasparino as a witness after summarizing Gasparino's expected testimony in his opening statement to the jury.[1] Second, that Wedra's constitutional rights were violated when his co-defendant's attorney told the jury in summation that Gasparino did not testify because he had exercised his Fifth Amendment privilege outside of the courtroom.[2] The petition must be dismissed for the reasons which follow.

The New York State and federal courts have already ruled against Wedra on his claim that he was unduly prejudiced by

1. After his conviction was affirmed by the New York Court of Appeals (which rejected the claims made in this habeas corpus petition) Wedra moved to vacate his judgment of conviction on the ground that the prosecutor misrepresented to the jury that no consideration was extended to a key prosecution witness in return for his testimony. That motion was denied by the trial court. The Appellate Division reversed, *People v. Wedra*, 56 A.D.2d 903, 392 N.Y.S.2d 494 (1977) and sent the case back to the trial court for a hearing. That issue, however, is not before this court in this habeas corpus petition. Thus there is no exhaustion problem.

2. "Now, my resourceful friend [the prosecutor] is going to say to you when he gets down to explaining Nick's absence, after he tells you that Nick took the Fifth Amendment and refused to testify, he is going to tell you—he is going to ask you why Mrs. DeTore was killed. Mr. Cowhey is going to ask that.

"I have the answer. He knows it. The answer is simply two words.

"If he wants to know why Mrs. DeTore was killed, here's Gasparino. Ask Gasparino.

"He wasn't my material witness. I didn't have a hundred-thousand-dollar price tag on his head, which was reduced to $25,000 with the consent of the district attorney.

"Where is that bum? Why didn't they produce him? Where is that thief who stole $5,000? Where is he? Was he afraid to face the barrage here under question of who killed Mrs. DeTore?

"He took the Fifth Amendment which he had a right to do. It's perfectly permissible." (Tr. Trans., at 1488).

the fact that Gasparino did not testify after the prosecutor, in his opening statement, had suggested that he would. Wedra's conviction was affirmed without opinion by the Appellate Division in *People v. DeTore*, 39 A.D.2d 839, 333 N.Y.S.2d 374 (2d Dept. 1972). That decision was affirmed by the Court of Appeals. *People v. DeTore*, 34 N.Y.2d 199, 356 N.Y.S.2d 598, 313 N.E.2d 61, *cert. denied, Mulcahy v. New York*, 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1974). The court held (at 604) that any prejudice resulting from the failure of the prosecution to produce Gasparino as a witness was minimized or negated by the judge's charge to the jury. The judge did not abuse his discretion in failing to declare a mistrial when it became clear that Gasparino would not testify.

In *United States ex rel. DeTore v. Smith*, 75 Civ. 1185 (S.D.N.Y., decided January 23, 1976), Judge Bonsal ruled on this precise issue in denying a petition for a writ of habeas corpus brought by Wedra's co-defendant, John DeTore. Judge Bonsal, in agreeing with the Court of Appeals, ruled that it was within the trial judge's discretion to declare a mistrial and that the charge to the jury minimized any prejudice to DeTore due to Gasparino's failure to testify.

With respect to the instant petition, the State's failure to produce Gasparino could have worked in Wedra's favor since the State did not prove what it said it would prove. Thus, Wedra's attorney, who did not complain of this "error" at trial, had a possibly strong motivation not to move for a mistrial on that ground. Furthermore, the parties stipulated that the State did not know that Gasparino would take the Fifth when it made its opening statement. This court agrees with the decision of Judge Bonsal that Wedra (who is in the same position as DeTore with respect to this particular issue) did not suffer any prejudice of constitutional dimension because of Gasparino's failure to testify.

After the State made its opening statement outlining Gasparino's expected testimony, it appears that the State's attorney never again mentioned his expected testimony to the jury. Wedra's second claim is not that the State acted improperly, but that in closing, DeTore's lawyer told the jury that Gasparino had taken the Fifth out of court suggesting that if Gasparino had testified, that testimony would have hurt the State's case. The New York Court of Appeals dealt with this issue, 356 N.Y.S.2d at 604, 313 N.E.2d at 65: "True, DeTore's lawyer in summation made reference to Gasparino's claim of privilege but the court promptly instructed the jury to disregard any potential inferences from that fact. On this record, the error was harmless and, in any event, the instructions curative."

■ Wedra's claim that he was prejudiced by his co-defendant's lawyer's reference to Gasparino is without merit. In the first case, this claim does not appear to be one of constitutional dimensions but simply a "claim of evidentiary trial error." *Namet v. United States*, 373 U.S. 179, 183, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963); *United States v. Brickey*, 426 F.2d 680, 688 (8th Cir.), *cert. denied*, 400 U.S. 828, 91 S.Ct. 55, 27 L.Ed.2d 57 (1970). If so, it is beyond this court's powers of review under 28 U.S.C. § 2254(a). In any case, the claim is without merit.

■ It is noteworthy that petitioner has not cited nor has the court found any case in which it was deemed reversible error for a co-counsel to refer to a witness' failure to testify where the petitioner's counsel did not object to that statement at trial. The rule is, generally, that where a prosecutor in good faith calls a witness who is expected to testify but instead takes the Fifth Amendment, there is no reversible error if the court gives the proper remedial instruction and if there is no serious prejudice to the defendant considering all the circumstances. *Namet, supra; United States v. Edwards*, 366 F.2d 853, 870 (2d Cir. 1966), *cert. denied, sub nom., Parness v. United States*, 386 U.S. 919, 87 S.Ct. 882, 17 L.Ed.2d 790 (1967).

■ *A fortiori*, if a witness does *not* take the stand and *defense* counsel reveals that the witness has exercised his Fifth Amend-

ment privilege out of court, there is even less reason why the action should be reversible error.

In the instant case, it is undisputed that the prosecutor acted in good faith when he referred to Gasparino's testimony in his opening statement; the prosecutor did *not* call Gasparino when it became clear that he would assert his Fifth Amendment privilege; the trial judge *did* give remedial jury instructions;[3] and, quite significantly, Wedra's counsel did not object to his co-counsel's summation. Failure to lodge an objection to or move for a mistrial is all the more reason to dismiss petitioner's writ. *Namet, supra,* 373 U.S. at 189, 83 S.Ct. 1151.

The only basis on which this error may constitute reversible error is if prejudice to Wedra were manifest. Wedra has not carried his burden of demonstrating that he was prejudiced by co-counsel's summation. *Lawrence v. Wainwright,* 445 F.2d 281, 282 (5th Cir. 1971). It is clear from the record that there was sufficient evidence to convict Wedra entirely aside from any benefit accruing to the prosecution from the jury's knowledge of Gasparino's out of court activities. The other side of the coin is that Wedra could have as easily been aided—rather than prejudiced—by the reference to Gasparino in his co-counsel's summation. This is apparent from the substance of this remark (see footnote 2) and from the fact that Wedra's counsel did not move for a mistrial.[4] *See, e. g., Cota v. Eyman,* 453 F.2d 691, 695 (9th Cir. 1971), *cert. denied,* 406 U.S. 949, 92 S.Ct. 2054, 32 L.Ed.2d 338 (1972).

Wedra's petition for a writ of habeas corpus is dismissed.

SO ORDERED.

3. "I charge you that no unfavorable inference should be drawn against the defendants by reason of Gasparino's invoking his right against self-incrimination, and I also charge you that no inference may be drawn by you in favor of or against the defendants, or either of them, or in favor of or against the People by reason of Gasparino's failure to testify.

"You should not and must not speculate as to what Gasparino might have said had he testi-

fied, as such is not evidence in this case, and it would be highly improper for you to base your verdict upon speculation of this kind." (Tr. Trans., at 1567–68.)

4. Wedra asserts that a prior motion for a severance, which was denied, constituted a standing objection to all subsequent trial errors. This contention is frivolous.